## WOODWARD et al v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co
No 11349. Decided March 30, 1931

FARR, J (7th Dist) sitting in place of VICKERY, J.

Selmo E. Glenn, Cleveland, for Woodward.

Harold H. Burton, S. O. Hirstius and Stephen Gobozy, all of Cleveland, for State.

### THE FACTS ARE STATED IN THE OPINION.

This cause is here on error. On the 4th day of Sept., 1930, Aaron Woodward, Harter Kelly and Carlton Evans were convicted of a violation of §13064 GC which provides against gambling such as promoting or conducting a bank clearance lottery. There was a conviction in the Municipal Court of the City of Cleveland and from the judgment there entered, error is prosecuted in this court on a number of grounds.

First it is insisted that the affidavit charging the offense is insufficient in that it does not charge that the plaintiffs in error were owners or agents of the bank clearance lottery. §13064 GC reads as follows:

"Whoever establishes, opens, sets on foot, carries on, promotes, makes, draws or acts as 'backer' or 'vendor' for or on account of or is in any way concerned in a lottery 'policy' or scheme of chance by whatever name, style or title denominated or known, whether located or to be drawn, paid or carried on within or without this state, or by any of such means sells or exposes for sale anything of value, shall be fined not less than fifty dollars nor more than five hundred dollars and imprisoned not less than ten days nor more than ninety days.'

It will be observed that it is not provided in the foregoing that it is necessary to allege that plaintiffs in error were "owners" or agents because these words are not contained in the statute. Therefore, it is clear that the affidavit upon which the prosecution is predicated is sufficient in contemplation of law, nor does **Ginandt v State, 1, N.P.** 237 announce a different principle.

Next it is insisted that no evidence was introduced to show any of the essential elements required to be proven to sustain a conviction. It will be recalled and the Record discloses that officers Smetana and Zeman went to 6210 Woodland Avenue in the City of Cleveland to a "smoke shop" kept at that place. These officers were from the Cleveland Police Department and upon their arrival at the shop they say that they saw Woodward standing behind the counter, Kelly and Evans so they say were standing in front of the counter. They state that they saw there certain slips of paper on the show case or counter which the officers identified as being clearing house lottery slips which they claim were immediately in front of Woodward which he thereupon brushed on to the floor but which the officers picked up with some clearing house lottery books. Officer Smetana described the operation of a clearing house lottery and the manner in which the slips and books are used in the operation of such lottery as disclosed at page 7 of the record where he says that he knew what the slips were from practical knowledge and experience, by conversation with "writers" agents and promoters and that he had talked to a number concerning these gambling schemes.

It is insisted that this testimony was incompetent in view of the fact that Smetana does not claim to be an expert and that it is hearsay. However, it is quite clear that the testimony was competent and it was a question of the weight rather than the competency, he had a right to state what he knew about the subject and the source of his knowledge. It is rather clearly disclosed by the testimony that the information which the officers had concerning this gambling scheme is accurate and reliable in character.

Their testimony is interesting at pages 11, 12, and 13 of the Record.

It is not essential that the testimony be exact in character but rather that it fairly describe such gambling operations; **Young v State of Ohio 3 O.L.R. 133.**

Therefore the testimony of the officers

was competent and properly admitted by the trial court.

It is further insisted that the officers had no right to make the arrest under the circumstances because it is said that these parties were not engaged in the commission of a crime and therefore could not be lawfully arrested without a warrant. However, the conduct of Woodward himself as he brushed the slips of paper from the counter to the floor, indicated consciousness of guilt and that the officers were not mistaken in making the arrest under the circumstances, because they had these slips of paper which did not relate to anything else than gambling.

Dunning v City of Cincinnati, 21 N. P. (N.S.) 468.

Raitz v Green, 13 C. C. 455.

Hirsch v City of Cincinnati, 21 C. C. (N.S.) 564.

Some of the foregoing cases are quite similar as to facts with the instant case. However, if there was any doubt or question with reference to the guilt of the accused it is set at rest by the testimony of the officers who claimed that they had a conversation with Woodward in the presence of the other two plaintiffs in error, in which Woodward admitted that he had been engaged in this lottery business for three months; that he had twelve "writers" in his employ who came to his "smoke shop" every morning and turned in the plays to Woodward and which were then turned over to a man by the name of Wills.

Testimony to the same effect was introduced with reference to Kelly and Evans. It would therefore be difficult to find sufficient reason to reverse a judgment of conviction where there is credible evidence that all three of the persons convicted had practically confessed their guilt and for the reasons given the judgment is affirmed.

LEVINE, PJ, and WEYGANDT, J, concur.